[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2009
THOMAS K. KAHN
CLERK

No. 08-11179
Non-Argument Calendar

_____

D. C. Docket No. 07-00212-CR-7-LSC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD DEWAYNE DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 20, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Reginald Dewayne Dixon challenges his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Dixon argues the district court plainly erred when it allowed certain testimony at trial; the district court erred when it denied his request for a free copy of the transcript from his first trial, which had ended in a mistrial; and the cumulative effect of the district court's alleged errors warrants us vacating his verdict. We address each argument in turn.

I.

First, Dixon contends the district court should not have allowed a government witness to testify (1) Dixon's picture was in a book of people who have had "run ins" with local police; and (2) a warrant for Dixon's arrest stemmed from a domestic violence charge. Dixon asserts the testimony was irrelevant and unfairly prejudicial. He further argues the district court erred by allowing a government witness to testify that the arresting officer said he was going to go search for a gun that Dixon had dropped. Dixon asserts the testimony was hearsay without an exception.

Dixon did not object to any of the relevant testimony at the trial, so we review for plain error. *See United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005). Under the plain error standard, "there must be (1) error, (2) that is plain,

and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1202-03 (internal quotations omitted).  "For the admission of evidence to constitute plain error, the evidence must have been so obviously inadmissible and prejudicial that, despite defense counsel's failure to object, the district court, *sua sponte*, should have excluded the evidence."  *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008) (internal quotations omitted).

*A.  The Testimony Concerning the Book and Domestic Violence*

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Generally, all relevant evidence is admissible.  Fed. R. Evid. 402.  Moreover,

> [e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, . . .  is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).

Despite admissibility, evidence may be excluded when its probative value "is substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.

A court's discretion to exclude evidence under Fed. R. Evid. 403 should be used sparingly, and the balance under the rule should be struck in favor of admissibility. *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004). When doing the balancing test, the Court should ask "whether its probative value is outweighed by its prejudicial effect." *Id.*

In this case, the government witness's testimony concerning the book of pictures and the basis for the arrest warrant was relevant because it was part of the witness's account of the crime, explaining why the witness was checking to see if there was a warrant for Dixon's arrest. *See Williford*, 764 F.2d at 1499. Furthermore, unlike graphic evidence of spousal abuse, the testimony that Dixon's warrant was for the nondescript charge of domestic violence was not so prejudicial that it should have been excluded because it was not likely to incite the jury to an irrational decision. *But cf. United States v. Hands*, 184 F.3d 1322, 1328-29 (11th Cir. 1999). Accordingly, the district court did not plainly err by allowing the testimony.

B.    *Hearsay*

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay is inadmissible unless the

4

statement is not hearsay as provided by [Fed. R. Evid.] 801(d), or falls into one of the hearsay exceptions enumerated in [Fed. R. Evid.] 803, 804, and 807." *Baker*, 432 F.3d at 1203. The following is not excluded as hearsay, even though the declarant is available as a witness:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed. R. Evid. 803(3). "[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." *United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003) (internal quotations omitted).

Although the witness's testimony that the arresting officer told the witness that he was going to search for a gun that Dixon had dropped may be hearsay, the district court did not commit a reversible error because the testimony was not "so obviously inadmissible and prejudicial that, despite defense counsel's failure to object, the district court, *sua sponte*, should have excluded the evidence." *Williams*, 542 F.3d at 1247. This is especially true because another witness gave

direct testimony that he saw Dixon throw the gun away. Accordingly, the district court did not commit reversible error.

## II.

Dixon, who is an indigent defendant, also argues the district court erred when it denied his request for a free copy of the transcript from his first trial, which had ended in a mistrial. A district court's denial of an indigent defendant's request for a transcript on the basis that there is insufficient time to prepare the transcript is reviewed for an abuse of discretion. *See United States v. Smith*, 605 F.2d 839, 843-44 (5th Cir. 1979)[1] (holding it was within a court's discretion to deny an indigent defendant a transcript when the reason for the denial was an unnecessary delay of the trial). "An indigent defendant may not be deprived of 'the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners.'" *Id.* at 842 (quoting *Britt v. North Carolina*, 92 S. Ct. 431, 433 (1971)). The transcript of a prior mistrial is valuable to the defense in preparing for trial, and an "indigent [defendant] is entitled to a complete transcript free of charge without showing a particular need for the transcript." *Id.* at 842-43.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

The mere request for a transcript by an indigent defendant, however, does not impose a constitutional duty on the trial court to order it prepared. *Id.* at 843. "Only differences in access to the instruments needed to vindicate legal rights, [w]hen based upon the financial situation of the defendant, are repugnant to the Constitution." *Id.* (internal quotations omitted). It is not an abuse of discretion for a trial court to refuse a "defense counsel's request for a continuance to have a transcript prepared at the defendant's own expense when the request was made on the eve of trial." *Id.*

In this case, the district court denied Dixon's request for a transcript because there was insufficient time for the court reporter to prepare a transcript before the second trial, rather than because of Dixon's indigence. This was a valid reason for denying Dixon's request. *See Smith*, 605 F.2d at 843. Accordingly, the district court did not abuse its discretion when it denied his request for the transcript.

III.

Finally, Dixon argues the cumulative effect of the district court's alleged errors warrants us vacating his verdict. "The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *Baker*, 432 F.3d at 1223 (internal quotations

7

omitted). We evaluate the harmlessness of cumulative error by examining "whether the defendant's substantial rights were affected." *Id.* (internal quotations omitted).

> The total effect of the errors on the trial will depend, among other things, on the nature and number of the errors committed; their interrelationship, if any, and combined effect; how the district court dealt with the errors as they arose (including the efficacy—or lack of efficacy—of any remedial efforts); the strength of the government's case, and the length of trial.

*Id.* (internal quotations and alteration omitted). We will not conclude that a defendant's substantial rights were affected unless the errors have a substantial influence on the outcome of the case or leave grave doubt as to whether they affected the outcome of a case. *Id.*

When the alleged errors in this case are grouped together, they do not create a grave doubt as to whether they affected the outcome of the case. Even if the alleged errors were not made, the arresting officer testified that he saw Dixon holding a gun. Accordingly, the cumulative-error doctrine does not warrant us vacating Dixon's verdict.

After considering the parties' briefs and the record on appeal, we discern no reversible error and affirm Dixon's conviction.

**AFFIRMED.**